UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RUTH BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv220 |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion for award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, filed by the Plaintiff on October 12, 2020. The Defendant responded to the motion on October 26, 2020, to which Plaintiff replied on November 2, 2020. Also on November 2, 2020, Plaintiff filed a supplemental motion for award of fees.

For the following reasons, both motions will be granted.

Discussion

On September 14, 2020, the court entered an order granting Defendant's unopposed motion filed by Defendant to reverse and remand the decision of the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g). On the same date the Clerk entered a judgment approved by the Court in favor of Plaintiff.

For a Social Security disability claimant to obtain an award of attorney's fees against the Federal Government pursuant to the EAJA, 28 U.S.C. Section 2412, the federal court must find: (1) that the claimant was the prevailing party; (2) that the claimant had a net worth not exceeding two million dollars ($2,000,000.00) at the time the action was filed; (3) that the position of the

United States in the litigation or in the action (or failure to act) of the agency on which the civil action is based was not substantially justified and that there are no special circumstances which make an award under EAJA unjust; and (4) that an application for fees was made within thirty days of the final judgment, defined as the date a judgment is not appealable, ninety days from the date of entry of judgment in most circumstances.

In the present case, the parties do not dispute that Plaintiff was the prevailing party, did not have a net worth exceeding two million dollars when the action was filed, or that the action was filed within thirty days of the final judgment.[1] However, the parties dispute whether the position of the United States was substantially justified.

The government's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 556, n. 2 (1988). The government has the burden of establishing that its position was substantially justified. *Stewart v. Astrue*, 561 F. 3d 679, 683 (7th Cir. 2009). It is also the government's burden to allege and prove special circumstances which would make the award under EAJA unjust. *Cummings v. Sullivan*, 950 F. 2d 492, 495, n. 3 (7th Cir. 1991).

This case arose out of the fraudulent scheme of attorney Eric Conn. Conn arranged with certain doctors to sign medical opinion forms for Conn's clients purporting to reflect the doctors' opinions, but which were actually prepared by Conn or his employees. Conn then submitted the forms to SSA in support of his clients' applications for disability benefits. ALJ David Daugherty, who was bribed by Conn, would assign Conn's cases to himself and—without holding a hearing

---

[1] Defendant has not objected to the hours Plaintiff's attorney spent o the case, nor to the requested hourly rate.  This Court has reviewed ths supporting documentation and finds both the hours and the rate to be reasonable.

—issue favorable decisions to Conn's clients relying on the fraudulent evidence submitted by Conn. Conn and Daugherty both pleaded guilty to crimes relating to the fraudulent scheme.

Following its investigation into the Conn fraud, the Office of Inspector General (OIG) notified SSA pursuant to 42 U.S.C. § 1320a-8(l) that it "ha[d] reason to believe" that fraud was involved in the applications for Social Security benefits of 1,787 individuals formerly represented by Conn in which Conn submitted forms signed by the doctors involved in the scheme. *Hicks v. Commissioner of Soc. Sec.*, 909 F.3d 786, 794 (6th Cir. 2018). These claims included Plaintiff's. Upon receipt of the referral, the agency began the process of redetermining Plaintiff's eligibility for benefits, as required by the Social Security Act, 42 U.S.C. § 405(u), which requires the Commissioner to "immediately redetermine the entitlement of individuals . . . if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits." The agency internally reviewed every case identified by OIG, and the agency disregarded any evidence signed by the doctors identified by OIG and submitted by Conn's firm, and considered whether the remaining evidence in the case file established entitlement to benefits. *Hicks*, 909 F.3d at 794.

In Plaintiff's case, SSA determined that the evidence remaining in the case files was not sufficient and that further proceedings would be required (Tr. 36). The case was then set for a new hearing before an ALJ. At that hearing, Plaintiff was permitted to submit additional evidence and could request assistance developing the record. After a hearing in which the ALJ considered all of the evidence in the case file except for the excluded medical report from the doctor working with Conn, the ALJ determined that Plaintiff should not have been awarded benefits (Tr. 56).

Plaintiff brought a timely civil action on May 16, 2017, challenging the ALJ's decision to

3

terminate her benefits. In her brief, Plaintiff alleged that the agency's redetermination procedures deprived her of property without due process of law. She further alleged that the agency's redetermination procedures violated the Administrative Procedure Act (APA), and that the agency's redetermination procedures violated the Social Security Act. Lastly, Plaintiff challenged the ALJ's analysis of her subjective complaints. The Commissioner responded, arguing that the redetermination procedures comported with due process, the APA, and the Social Security Act, and that the ALJ properly analyzed Plaintiff's subjective complaints. Plaintiff filed a reply.

On November 21, 2018, a divided panel of the Sixth Circuit concluded that SSA's redetermination procedures violated both the Due Process Clause and the APA and remanded the cases for proceedings consistent with its opinion. *Hicks*, 909 F.3d at 817. On December 13, 2018, the Commissioner notified this Court of the *Hicks* decision and requested a stay while the agency and the Solicitor General considered further action. On February 6, 2019, the Commissioner filed a petition for rehearing *en banc* in the Sixth Circuit. On March 29, 2019, the Sixth Circuit denied the petition.

On May 13, 2019, the Commissioner filed a supplemental brief urging this Court to disregard the Sixth Circuit's decision in *Hicks* as inconsistent with precedent from both the Supreme Court and the Seventh Circuit. Plaintiff filed a responsive supplemental brief urging this Court to adopt the reasoning in *Hicks*.

On September 8, 2019, Plaintiff filed a notice of supplemental authority, calling this Court's attention to, among other cases, *Tyler J. v. Saul*, No. 17 CV 50090, WL 3716817 (N.D. Ill. Aug. 7, 2019), finding the agency's fraud redetermination procedures invalid. The Commissioner requested, and this Court granted, a stay while the Commissioner evaluated a

4

potential appeal in that case. The Commissioner appealed, and the case on appeal became *Jaxson*.

In *Jaxson*, the district court had relied on "a divided decision of the Sixth Circuit" in *Hicks* and concluded that the summary exclusion of a physician's report violated the Due Process Clause of the Fifth Amendment. 970 F.3d at 777. However, the Seventh Circuit held that it was inappropriate to begin with a constitutional issue. *Id*.

Rather, the Seventh Circuit began with the relevant statutory provisions. The Court acknowledged that, by statute, the agency must redetermine an individual's eligibility if there is reason to believe that fraud or similar fault was involved in their application, and that in making that redetermination the agency shall disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence. *Id*. However, the Court emphasized, the Social Security Act "do[es] not prescribe procedures for redeterminations" and "leaves open" who determines that fraud or similar fault was involved and how that determination is made. *Id*. The Court held that intra-agency guidance that answered those questions lacked the force of law. *Id*.

The Court then turned to the hearing Jaxson had received. This hearing was less formal than a judicial trial. *Id*. (citing *Richardson v. Perales*, 402 U.S. 389 (1971); *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019)). Nonetheless, even in an informal adjudication, the Court reasoned, "certain norms apply." *Id*. One such norm was that parties may present their positions to the adjudicating officer; these hearings are inquisitorial but not ex parte, with only one side's perspective heard. *Id*.

The Court concluded that, to decide whether there is reason to believe that fraud or similar fault was involved in providing evidence, the ALJ needed to hear from the claimant on that point.

5

*Id*. at 778. The court rejected "language in the Sixth Circuit's opinion" suggesting that the ALJ was required to hold a "full-fledged evidentiary proceeding." *Id*. Rather, the ALJ would follow the procedure used by federal courts in decisionmaking about evidence: one party would offer evidence, the other could object, and the ALJ would rule. *Id*. Thus, the ALJ could consider the Inspector General's report and the Senate's compilation of evidence about Conn's fraud scheme, and the claimant could reply with any available reason to think the doctor gave an honest medical opinion. *Id*. The court acknowledged that the claimant would need "a powerful argument" and "may have a hard time" but that he was entitled to try. *Id*.

The Seventh Circuit therefore held that 42 U.S.C. § 405(b)(1), which requires a "reasonable notice and opportunity for a hearing," means a procedure at which the claimant can present views about potentially dispositive matters. *Id*. The Court further held that the APA did not require any additional procedures beyond those outlined in their opinion and required by the norms of informal adjudication. *Id*.

After the *Jaxson* decision, the Commissioner requested a partial rehearing, which the Seventh Circuit granted. The Seventh Circuit issued an amended opinion on August 12, 2020, and the Commissioner acknowledged that, based on this opinion, Plaintiff was entitled to remand. Plaintiff filed a consent to remand. This Court entered judgment remanding the case on September 14, 2020.

The Defendant now asserts that its position was substantially justified, and as a result, this Court should award no fees under the EAJA. As noted, the Supreme Court has held that a position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 522, 565-66 (1988). The Court further noted that "a

6

position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id*. at 566 n.2. The standard is considered satisfied if a "genuine dispute" exists. *Id*. at 565.

Defendant argues that a genuine dispute existed, and continues to exist, regarding the validity of the fraud redetermination procedures. Defendant further argues that even after *Hicks* was decided, it was not clear that this Court or the Seventh Circuit would follow that decision.

Once the Seventh Circuit issued a published decision holding the fraud redetermination procedures invalid, the Commissioner promptly moved for remand. As the Ninth Circuit has recognized, a voluntary remand does not preclude substantial justification when the remand rests on intervening case law. *See Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) ("In cases such as these, the government's position may have been substantially justified at the time the Agency acted, even though subsequent, novel considerations have since undercut the underlying Agency decision.") The Commissioner argues that, prior to the Seventh Circuit's *Jaxson* decision, his position was substantially justified.

In reply, Plaintiff points out that Plaintiff challenged the Agency's decision on two grounds (1) SSA's invalid redetermination procedure; and (2) the ALJ's improper symptom testimony evaluation and flawed residual functional capacity assessment. This Court's remand order returned Plaintiff's case to SSA on both grounds. As discussed above, Defendant argues only that its litigation position regarding the fraud redetermination procedures was substantially justified. The Commissioner declined to defend its litigation position regarding Plaintiff's argument concerning the flawed symptom testimony evaluation and residual functional capacity analysis. Plaintiff

contends that because Defendant has failed to explain why the Agency's litigation and prelitigation position was substantially justified regarding this argument, Defendant has not met his burden of proving substantial justification. *Stewart*, 561 F.3d at 683. Plaintiff points out that Defendant could have sought a voluntary remand at the outset of this litigation based on this argument. Rather, Defendant elected to engage in protracted litigation defending its fraud redetermination process. Defendant also asked the court to stay this case on multiple occasions. Meanwhile, Plaintiff was forced to wait for nearly three years before judgment was entered in her favor.

As discussed above, Defendant asserts that its litigation position was reasonable because "a genuine dispute existed and continues to exist regarding the validity of SSA's fraud redetermination procedures." . Defendant's position is that SSA was reasonably discharging its duty "as directed by Congress.". However, as the Seventh Circuit noted in *Jaxson v. Saul*, Congress directed SSA to redetermine eligibility for benefits in cases involving fraud or suspected fraud, but Congress did not "prescribe procedures for redeterminations." *Jaxson v. Saul*, 970 F.3d 775, 777 (7th Cir. 2020). Plaintiff thus agues that SSA should not be permitted to hide behind the cloak of a Congressional directive to defend the illegal procedures it chose to implement. Plaintiff argues that SSA's blanket exclusion of evidence that it suspected was tainted by fraud runs afoul of the norms of even informal adjudication procedures. *Id*. at 778.

The Seventh Circuit's decision in *Jaxson* was unanimous and clearly ruled that SSA's one-sided redetermination proceedings do not comport with ordinary principles of administrative law. *Id*. 970 F.3d at 777-78. Judge Easterbrook issued a unanimous decision for the Court finding against SSA and affirming Jaxson's right to be heard. *Jaxson*, 970 F.3d at 778. "Strong language against the government's position in an opinion assessing the merits of a key issue is evidence in

8

support of an award of EAJA fees." *Golembiewski v. Barnhart*, 382 F.3d 721,724 (7th Cir. 2004), citing *Marcus v. Shalala*, 17 F.3d 1033, 1038 (7th Cir. 1994).

Plaintiff further argues that she need not prevail on all issues to establish entitlement to EAJA fees. In *Stewart*, the Seventh Circuit stressed that "EAJA fees are not determined by the number of successful arguments." *Stewart*, 561 F.3d at 883. Plaintiff need not "prevail on all, or even a majority, of her arguments in order to be awarded fees under the EAJA*." Bailey v. Barnhart*, No. 05 C 4594, 473 F. Supp. 2d 842, 846 (N.D. Ill. Nov. 1, 2006) (citing *Mallette v. Sullivan*, No. 87 C 4873, 1990 WL 19894, *3-5 (N.D. Ill. Feb. 15, 1990)). "The fact that the court found that the ALJ only committed three errors and agreed with a large number of the government's arguments is not reason enough to find that substantial justification existed." *Bozovic v. Astrue*, No. 08-cv-506, 2010 WL 2900337 (E.D. Wis. July 20, 2010)(citing *Hauser v. Astrue*, No. 08-CV-0321, 2009 U.S. Dist. LEXIS 81050, 2009 WL 2595608 at *3 (E.D. Wis. Aug. 20, 2009) ("Substantial justification is not as simple as counting up the number of successful arguments made by each party and declaring that side the winner.")).

Plaintiff maintains that if the Commissioner's position was substantially justified on one issue but not on another, Plaintiff is still entitled to EAJA fees, and this court is to make only one determination for the entire civil action. *Comm'r*, 496 U.S. 154. Plaintiff argues that even if this Court were to accept that the Defendant's litigation and prelitigation conduct was substantially justified concerning the redetermination proceedings, the lack of substantial justification regarding the symptom testimony and residual functional capacity entitles Plaintiff to an award of EAJA fees. "The parties' postures on individual matters may be more or less justified, the EAJA -- like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized

9

line-items." *Id*. at 161-62.

This Court holds that Plaintiff is entitled to EAJA fees. First, although the Defendant believes its litigation position was substantially justified, it clearly was not. The claimants in the 1,787 cases involved in Conn's fraudulent scheme were victims of the fraud. Even though their benefits were initially granted, they suffered when the fraud came to light and their benefits were suddenly subject to redetermination. None of this was the fault of the claimants, including Plaintiff. Rather than give the claimants a chance to argue that the medical evidence in their case honestly supported their claims, Defendant threw out the evidence and required the claimants to, years later, present entirely new evidence. For Defendant to continue to argue that this procedure was substantially justified borders on the unconscionable.

Second, as Plaintiff has argued, Defendant has completely failed to argue that its position regarding the symptom testimony evaluation and RFC analysis was substantially justified. As that argument is now waived, the Court rules in favor of Plaintiff for this additional reason.

## Conclusion

On the basis of the foregoing, Plaintiff's motion for attorney's fees [DE 46 ] and Plaintiff's supplemental motion for attorney's fees [DE 51] are both hereby GRANTED.

Plaintiff is hereby AWARDED a total of $19,443.90 in EAJA fees.

Entered: December 7, 2020.

                                                                                   s/ William C. Lee
                                                                                   William C. Lee, Judge
                                                                                   United States District Court